```
UNITED STATES DISTRICT COURT                                        C/M
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
VAN DOUGLAS WALKER,                                        :
                                                           :
                              Plaintiff,                   :   **MEMORANDUM DECISION AND**
                                                           :   **ORDER**
                - against -                                :
                                                           :   18-cv-5211 (BMC)(CP)
MIRBOURNE NPN 2LLC,                                        :
                                                           :
                              Defendant.                   :
                                                           :
                                                           :
---------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff filed the instant *pro se* complaint, seeking to enjoin the enforcement of orders entered in a foreclosure action pending in the Supreme Court of the State of New York, Kings County. Plaintiff also filed an order to show cause for a preliminary injunction and temporary restraining order to stay the execution of the state court's orders transferring his right, title, and interest to the property located at 494 Halsey Street, Brooklyn, New York. Plaintiff has paid the required filing fee to bring this action. Because the Court lacks subject matter jurisdiction to hear his claims, the complaint is dismissed and the Court will not review the merits of plaintiff's order to show cause.

## BACKGROUND

Plaintiff procured a $564,000 mortgage on the property located at 494 Halsey Street when he purchased it in 2004. The mortgage was assigned to defendant in July 2009. In 2014, defendant instituted a foreclosure action in state court seeking title to the property because plaintiff was nearly $800,000 behind on his mortgage payments. The parties entered into a settlement agreement resolving all issues in the action, which was "So Ordered" by the state court

on March 22, 2016.  Under the terms of the settlement agreement, plaintiff had six months to sell the property and pay defendant a discounted amount (with the option to seek an extension for additional money), or defendant would become the titleholder to the property.  Defendant became titleholder to the property subject to the settlement agreement and by order of the state court dated October 6, 2016.

During the course of the state court action, plaintiff has refused to comply with the state court's orders, vacate the property, transfer title, or allow defendant's entry onto the property.  Plaintiff has also continued to rent out the property to others.  Plaintiff has been found in contempt of court for his repeated and intentional violations of the state court's orders.  He now seeks this Court's involvement.

## DISCUSSION

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction."  Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000).  Indeed, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3).  Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  As the party invoking federal jurisdiction, plaintiff "bears the burden of establishing that jurisdiction exists."  See Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted); Harrison v. New York, 95 F.Supp.3d 293, 311 (E.D.N.Y. 2015).

*Pro se* litigants' submissions are construed liberally.  See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  However, even *pro se* plaintiffs must establish that

the Court has subject matter jurisdiction over the action. See Rene v. Citibank NA, 32 F.Supp.2d 539, 541-43 (E.D.N.Y. 1999).

Moreover, even if a plaintiff has paid the filing fee, a court may dismiss the case if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998).

Plaintiff asserts that this Court has jurisdiction over his complaint because of the presence of a federal question. Even affording the complaint a liberal interpretation, the many federal statutes and regulations he cites do not provide him with a cause of action. However, the Court has construed plaintiff's complaint as sufficiently pleading this Court's diversity jurisdiction, because the parties are diverse and the amount in controversy exceeds $75,000.

Nevertheless, this Court may not consider this action. Plaintiff is ultimately asking for review of the state court's decision. However, the Rooker-Feldman doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005); see also McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010) ("[T]he Rooker-Feldman doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim" in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments.") (internal quotation marks and citations omitted). Indeed, "numerous courts in [the Second] Circuit . . . have consistently held that attacks on a judgment of foreclosure are barred by the Rooker–Feldman

3

doctrine." Murphy v. Riso, No. 11-CV-0873, 2012 WL 94551, at *6 (E.D.N.Y. Jan. 12, 2012) (collecting cases).

The Rooker-Feldman doctrine applies – and deprives a district court of subject matter jurisdiction over an action – when four requirements are present: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Hoblock, 422 F.3d at 85 (internal quotation marks and citations omitted). All four requirements are met here. Defendant has become the titleholder to plaintiff's property pursuant to a state court order entered before plaintiff commenced this action. Plaintiff seeks relief from that state court order by inviting this Court to issue a preliminary injunction and temporary restraining order enjoining its enforcement. But that is something this Court cannot do. Rather, to obtain the relief he seeks, plaintiff must pursue his claims through the state court system and then petition for a writ of certiorari to the United States Supreme Court. See 28 U.S.C. § 1257.

This Court is also barred from reviewing any matters currently pending in plaintiff's state court foreclosure action. See Younger v. Harris, 401 U.S. 37 (1971). Pursuant to the Younger abstention doctrine, federal courts must abstain from hearing matters "when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Town Ct. for Town of Springfield, 56 F.3d 391, 393 (2d Cir. 1995). The Younger abstention doctrine applies to three classes of state court proceedings: state criminal prosecutions; civil enforcement proceedings; and civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013). Courts in

4

the Second Circuit interpret the third category to include mortgage foreclosure proceedings, which "concern the disposition of real property and hence implicate important state interests[,] are pending in state court, and there is no reason to doubt that the state proceedings provide [the would-be federal plaintiff] with an adequate forum to make the arguments he seeks to raise in [federal] court." LaTouche v. Wells Fargo Home, No. 16-CV-1175, 2017 WL 8776975, at *5 (Aug. 25, 2017) (internal quotation marks and citations omitted); see also Wenegieme v. US Bank National Assoc., No. 16-CV-2634, 2016 WL 3348539, at *2 (E.D.N.Y. June 9, 2016). Here, plaintiff seeks injunctive relief that will directly interfere with ongoing state court proceedings – namely, to prevent a state court from enforcing its orders requiring plaintiff to transfer title to defendant; permit entry, sale and marketing of the property; and other orders related to plaintiff's contemptuous behavior. Thus, his claims for injunctive relief are barred by the Younger abstention doctrine.

Finally, plaintiff's claim is barred by the Anti-Injunction Act, which provides that: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued." Abbatiello v. Wells Fargo Bank, N.A., No. 15-CV-4210, 2015 WL 5884797, at *5 (E.D.N.Y. Oct. 8, 2015) (citing Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281 (1970)). Specifically, the Second Circuit has applied the Anti-Injunction Act to state court foreclosure proceedings, and this Court will not stray from that holding here to enjoin the state court from enforcing its orders in plaintiff's case. See Ungar v. Mandell, 471 F.2d 1163, 1165 (2d Cir. 1972).

5

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Leave to amend is denied as futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Clerk of Court is directed to enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 18, 2018